# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| STEPHAN CALDWELL | § | |
|    *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:13-CV-546 |
| | § | |
| NISSAN MOTOR CO., LTD | § | |
|    *Defendant*. | § | |

## NISSAN MOTOR CO., LTD.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Nissan Motor Co., Ltd. ("NML") files its Answer to Plaintiff's First Amended Complaint and Jury Demand, and would respectfully show the Court as follows:

### A. PARTIES

**1.** NML admits Stephan Caldwell is an individual. NML is without sufficient information to admit or deny the remaining allegations in Paragraph 1 of Plaintiff's First Amended Complaint (the "Complaint"), and therefore denies same.

**2.** NML admits it is a foreign corporation. NML denies the remaining allegations of Paragraph 2 of the Complaint.

### B. JURISDICTION

**3.** NML denies the allegations in Paragraph 3 of Plaintiff's Complaint.

### C. FACTUAL ALLEGATIONS

**4.** NML is without sufficient information to admit or deny the allegations in Paragraph 4 of the Complaint, and therefore denies same.

**5.** NML is without sufficient information to admit or deny the allegations in Paragraph 5 of the Complaint, and therefore denies same.

6. NML denies the subject vehicle was defective or unreasonably dangerous in any respect, and denies such alleged defects caused Plaintiff's injuries and/or damages, if any. NML further denies it is liable to Plaintiff under any theory of recovery. NML is without sufficient information to admit or deny the remaining allegations in Paragraph 6 of the Complaint, and therefore denies same.

### D. CAUSES OF ACTION AS TO DEFENDANT NISSAN MOTOR CO., LTD.

7. NML was aware certain types of crashes and/or incidents involving its vehicles would on occasion take place during the normal and ordinary use of said vehicles. NML is without sufficient information to admit or deny the remaining allegations in Paragraph 7 of the Complaint, and therefore denies same.

8. NML denies each and every allegation in Paragraph 8 of the Complaint. NML specifically denies the subject vehicle was defective or unreasonably dangerous in any respect, denies such alleged defects caused Plaintiff's injuries and/or damages, if any, and denies it is liable to Plaintiff under any theory of recovery.

9. NML denies each and every allegation in Paragraph 9 of the Complaint, including its subparts (a) – (i).

10. NML denies each and every allegation in Paragraph 10 of the Complaint.

11. NML denies each and every allegation in Paragraph 11 of the Complaint.

12. NML denies each and every allegation in Paragraph 12 of the Complaint. NML denies it is liable to Plaintiff under any theory of recovery, denies Plaintiff is entitled to any damages from NML. NML denies its acts and/or omissions were the producing and/or proximate cause of Plaintiff's injuries.

### E. ALLEGATIONS OF DAMAGES TO PLAINTIFF

13. NML denies each and every allegation in Paragraph 13 of the Complaint. NML specifically denies it is liable to Plaintiff under any theory of recovery and denies Plaintiff is entitled to any damages from it, including damages for past and future pain and suffering, emotional distress, mental anguish, impairment, disfigurement, interference with daily activities, reduced capacity for enjoyment of life, and loss of consortium.

14. NML denies each and every allegation in Paragraph 14 of the Complaint. NML specifically denies it is liable to Plaintiff under any theory of recovery and denies Plaintiff is entitled to any damages from it, including damages for past and future medical expenses.

15. NML denies each and every allegation in Paragraph 15 of the Complaint. NML specifically denies it is liable to Plaintiff under any theory of recovery and denies Plaintiff has allegedly sustained a diminished earning capacity as a result of the acts and/or omissions of NML.

16. NML denies each and every allegation in Paragraph 16 of the Complaint. NML specifically denies that its alleged acts and/or omissions caused or is in any way responsible for the injuries and/or damages to Plaintiff, if any, and denies it caused actual damages to Plaintiff in excess of the minimum jurisdictional amount of this Court.

### F. PLAINTIFF'S PRAYER FOR RELIEF

17. NML denies in its entirety Plaintiff's prayer that Plaintiff receive from NML actual damages, prejudgment and post judgment interest, costs of suit, or such other and further relief.

### G. AFFIRMATIVE DEFENSES

18. Pleading further, alternatively, and by way of affirmative defense, NML would show that at the time and on the occasion in question, Plaintiff failed to use that degree of care and caution that would have been used by a person with ordinary prudence under the same or similar circumstances, and such actions and/or omissions were a proximate cause, and/or a producing cause, and/or the sole proximate cause, and/or the sole producing cause of Plaintiff's alleged injuries and damages, if any. NML, therefore, invokes the comparative responsibility provisions of the TEXAS CIVIL PRACTICE AND REMEDIES CODE § 33.001, *et seq.*

19. Pleading further, alternatively, and by way of affirmative defense, NML would show the subject crash and Plaintiff's alleged resulting injuries and damages were the result of negligent acts and/or omissions of others beyond NML's control, whose acts or omissions were a proximate cause or a producing cause or the sole proximate or the sole producing cause of the subject crash and Plaintiff's alleged resulting injuries and damages. Those third party individuals, whose acts and/or omissions were a proximate cause or a producing cause or the sole proximate or the sole producing cause of the subject crash and Plaintiff's alleged resulting injuries and damages, include Nathan Travis and/or Henry Marshall, Jr.

20. Pleading further, alternatively, and by way of affirmative defense, NML would show, in the unlikely event that any liability be found on the part of NML, that such liability be reduced by the percentage of the causation found to have resulted from the negligence and/or from the acts and/or omissions of Plaintiff, Nathan Travis, Henry Marshall, Jr., and any other third parties.

21. Pleading further, alternatively, and by way of affirmative defense, NML would show the 2003 Nissan Xterra made the basis of the Plaintiff's suit complied with all applicable safety standards. TEX. CIV. PRAC. & REM. CODE § 82.008(a).

22. Pleading further, alternatively, and by way of affirmative defense, the vehicle at issue in this case met or exceeded all applicable Federal Motor Vehicle Safety Standards. Accordingly, Plaintiff's claims may be barred, in whole or in part, by the doctrine of federal preemption and/or NML requests that the jury be instructed regarding the effects of compliance with governmental safety standards.

23. Pleading further and by way of affirmative defense, if NML is found in same way responsible for the occurrence alleged in Plaintiff's First Amended Complaint, NML invokes the application of TEXAS CIVIL PRACTICE AND REMEDIES CODE §41.0105.

### H. JURY DEMAND

24. NML demands a jury be empanelled to try the facts and issues of this cause.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Nissan Motor Co., Ltd. respectfully prays that judgment be rendered in its favor; that Plaintiff take nothing by reason of this suit against Defendant Nissan Motor Co., Ltd.; that Defendant Nissan Motor Co., Ltd. recover its costs herein expended; and for such other and further relief, in law or in equity, to which Nissan Motor Co., Ltd. may show itself justly entitled.

Respectfully submitted,

*/s/ Selim K. Fiagome*

**LARRY D. GRAYSON (Attorney in Charge)**
State Bar No. 08342900
lgrayson@hdbdlaw.com
**SELIM K. FIAGOME**
State Bar No. 24082475
sfiagome@hdbdlaw.com
**HARTLINE, DACUS, BARGER, & DREYER, L.L.P.**
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
Telephone:214/369-2100
Facsimile: 214/369-2118

**ATTORNEYS FOR DEFENDANT NISSAN MOTOR CO., LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record, via electronic service pursuant to Federal Rule of Civil Procedure 5(b)(2)(d) and/or certified mail, return receipt requested on this 23rd day of December 2013.

*/s/ Selim K. Fiagome*